IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MONDALE JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-CV-120 |
| | ) | |
| SCHNIDER NATIONAL CARRIER, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1) and the Motion to Proceed In Forma Pauperis (DE #2), both filed by Plaintiff, Mondale Jamison, on March 26, 2018. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **May 3, 2018,** to file an amended complaint in accordance with this order and either pay the filing fee <u>or</u> re-file his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Mondale Jamison ("Plaintiff") initiated this case by filing a complaint (DE #1) and motion to proceed *in forma pauperis* ("IFP") (DE #2) on March 26, 2018. In his complaint, Plaintiff lists one defendant, Schnider National Carrier, Inc. ("Schnider"). Plaintiff alleges that he was unfairly terminated from his employment with Schnider on April 18, 2017, after being wrongly accused of running into a trailer with a forklift the day before. (DE #1, p. 5.) He claims that a fellow employee lied about the accident to his supervisor. (*Id.*) He also alleges that he was denied unemployment benefits following the incident. (*Id.*) Plaintiff requests damages for lost pay, lost unemployment benefits, and court costs. (*Id.* at 3.) Plaintiff indicates that he is bringing his claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (*Id.* at 1.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28

U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative

level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

*Sufficient Merit*

Title VII prohibits employers from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." See 42 U.S.C. §§ 2000e–2(a)(1). Here, Plaintiff does not allege that he is a member of any protected class, nor does the complaint suggest that his termination was because of illegal discrimination. Rather, Plaintiff simply alleges that he was terminated after a fellow employee lied about a forklift accident. Moreover, Plaintiff has failed to attach his charge of discrimination to the complaint, electing instead to only attach his right to sue letter, and that letter does not provide additional clarification as to the nature of his claims. There is simply no suggestion that Plaintiff's status as a member of a protected class motivated any of Schnider's alleged employment actions. Thus, Plaintiff has not stated a plausible claim for employment discrimination, and his complaint must be dismissed. See e.g. *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011)

(to survive dismissal, a complaint must allege that an adverse employment action was instituted on the basis of the plaintiff's sex, race, national origin, or some other protected class). However, as is the general practice in this circuit, the Court will *sua sponte* grant Plaintiff leave to file an amended complaint if he believes he has a sufficient basis for his claims as described in this order and should he so choose.  See *Luevano*, 722 F.3d at 1022-25.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **May 3, 2018,** to file an amended complaint in accordance with this order and either pay the filing fee or re-file his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.


**DATED: April 4, 2018**          **/s/RUDY LOZANO, Judge**
                                  **United States District Court**