UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MONDALE JAMISON, <br><br> Plaintiff, <br><br> v. <br><br> SCHNIDER NATIONAL CARRIER, <br><br> Defendant. | CAUSE NO.: 2:18-cv-120-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant Schneider[1] National Carriers, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 14], filed by the Defendant on August 23, 2018. The Defendant seeks dismissal of the Plaintiff's Complaint because the Plaintiff failed to provide a factual basis to support his allegations of racial discrimination. Br. in Supp. of Def. Mot. to Dismiss 4–7, ECF No. 15. On August 28, 2018, the Plaintiff responded. Resp. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. and Am. Compl., ECF No. 20. On September 6, 2018, the Defendant replied. Def. Schneider National Carriers, Inc.'s Reply in Supp. of its Rule 12(b)(6) Mot. to Dismiss, ECF No. 21. For the following reasons, the Defendant's motion is DENIED.

**BACKGROUND**

The Plaintiff is proceeding pro se. He was employed by the Defendant as an assistant diesel technician. Charge of Discrimination, Am. Compl. 18, ECF No. 4. The Defendant fired the Plaintiff on April 18, 2017, because the Defendant alleged that the Plaintiff had damaged some equipment while driving a forklift. *See id.* The Plaintiff, who is African American, alleges

---

[1] The Defendant notes that the Plaintiff misspelled the Defendant's name as "Schnider" in the Complaint and Amended Complaint. Br. in Supp. of Def. Mot. to Dismiss 1 n.1, ECF No. 15.

that white employees have damaged equipment without being fired and that he was fired because of his race. *Id.*

On April 21, 2017, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Gary Human Relations Commission. *Id.* On February 13, 2018, the EEOC mailed the Plaintiff a Right to Sue letter and informed him that it was terminating its involvement in the charge. Notice of Right to Sue, Am. Compl. 19–20. On March 26, 2018, within the 90-day timeframe set out in the letter, the Plaintiff filed his Complaint [ECF No. 1].

On March 26, 2018, the Plaintiff also filed his Motion to Proceed In Forma Pauperis [ECF No. 2]. On April 4, 2018, the Court denied the Plaintiff's Motion to Proceed In Forma Pauperis and dismissed his Complaint without prejudice because the Plaintiff failed to allege he was a member of a protected class and he failed to attach his Charge of Discrimination. Apr. 4, 2018 Op. & Order 4, ECF No. 3. The Court granted leave for the Plaintiff to file an amended complaint. *Id.* at 5.

On April 16, 2018, the Plaintiff filed his Amended Complaint with his Charge of Discrimination [ECF No. 4]. His Charge of Discrimination stated that his race is African American and that he was fired for damaging equipment while other white employees were not fired for similar conduct. Charge of Discrimination, Am. Compl 18. On April 16, 2018, the Plaintiff also filed his Amended Motion to Proceed In Forma Pauperis [ECF No. 5]. On April 20, 2018, the Court granted the Plaintiff's Amended Motion to Proceed in Forma Pauperis. ECF No. 6.

## STANDARD OF REVIEW

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, though a complaint need not contain detailed facts, surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because the purpose of a motion to dismiss "is to test the formal sufficiency of the statement of the claim for relief[,] the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.).

The Plaintiff is proceeding pro se. The Court "liberally construe[s] the pleadings of individuals who proceed *pro se*." *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir.

2001). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Id.* (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)). However, the Court "still holds Plaintiff to the same substantive standards as other civil litigants when it considers the motion [to dismiss]." *Runnels v. Armstrong World Indus., Inc.*, 105 F. Supp. 2d 914, 918 (C.D. Ill. 2000) (citing *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992)).

## ANALYSIS

The Defendant argues that the Plaintiff has failed to state a claim because the Plaintiff has failed to allege facts that support his claim of racial discrimination.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of his race. 42 U.S.C. § 2000e-2(a)(1). Discrimination may be proven under either the direct or indirect method of proof. *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994). "Title VII claims are not subject to a heightened pleading standard." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). The plaintiff is not required to plead facts to establish a prima facie case under the McDonnell Douglas burden-shifting framework necessary to prevail under the indirect method. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

At the pleading stage, the complaint must allege "some specific facts" to support the plaintiff's Title VII race discrimination claim. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). "The degree of specificity required . . . rises with the complexity of the claim." *Id.* (quoting *McCauley*, 671 F.3d at 616–17). At the pleading stage, a plaintiff bringing a Title VII race

discrimination claim is only required to plead that he is a member of a protected class and that the employer took a specific adverse employment action based on the plaintiff's membership in that protected class. *Lavalais*, 734 F.3d at 616 (quoting *Luevano*, 722 F.3d at 1028).

The Plaintiff's Complaint states a claim. Contrary to the Defendant's argument, the Plaintiff is not required to allege facts to support each element of the prima facie case of discrimination under the burden shifting framework at this stage. The Defendant's argument that the Plaintiff failed to state a claim by leaving sections of the form complaint blank is unpersuasive because the Plaintiff attached additional pages to his Amended Complaint and he attached his Charge of Discrimination. *See* Am. Compl. 4–18. The Plaintiff's Amended Complaint, which includes his Charge of Discrimination, alleges that he is African American and that he was fired for damaging equipment when white employees were not fired for the same conduct. Charge of Discrimination, Am. Compl. 18. In light of the liberal standard applied to pro se plaintiff's pleadings, the Plaintiff's Charge of Discrimination attached to his Amended Complaint establishes that the Plaintiff is a member of a protected class and suffered an adverse employment action based on his race. The Plaintiff is not required to plead any additional facts.

The Defendant's Motion is DENIED.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant Schneider National Carriers, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 14].

SO ORDERED on October 1, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
